124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES
v.
Luis Alfredo REYES-MENDEZ, Defendant-Appellant.
 No. 96-10496.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis Alfredo Reyes-Mendez appeals the sentence imposed upon his jury conviction for conspiracy to harbor and harboring illegal aliens in violation of 18 U.S.C. § 1324. Reyes contends the district court erred by enhancing his sentence two levels under U.S.S.G. § 3B1.1(c) for being a manager and key figure in the conspiracy. We review for clear error the district court's determination that a defendant was a manager or supervisor under section 3B1.1, United States v. Avila, 95 F.3d 887, 889 (9th Cir.1996), and affirm.
 
 
 3
 Reyes contends the district court erred by finding he acted as an organizer or manager in the conspiracy, because there was no evidence that he had decisionmaking control over any others. We disagree. The sentence enhancement under U.S.S.G. § 3B1.1(c) requires that a preponderance of the evidence indicate the defendant was a supervisor, organizer or leader. Id. There must be some evidence that the defendant exercised some control over others involved in the commission of the offense. Id. The factors to be considered when determining whether a defendant was an organizer or leader include: the exercise of decisionmaking authority, the nature of the offense and the defendant's participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others. United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995).
 
 
 4
 Here, we conclude the district court did not clearly err because the evidence indicates that Reyes directed the passage of illegal aliens from the drop houses to the airport, obtained a travel agent's commission for the purchase of more than $360,000 in one-way airline tickets for aliens, and was one of the three leaders listed on a ledger covering the passage of over 500 smuggled aliens. Under these circumstances, the district court's conclusion that Reyes was an organizer or leader was not clear error. See id.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3